CHALLENGER INDUSTRIES, INC. D/B/A DYEMASTERS, INC., PLAINTIFF V. 3-I, INC., DEFENDANT

No. COA01-1261

(Filed 3 September 2002)

## Attachment— order dissolving—officer versus registered agent—due diligence

The trial court erred in a fraud, unjust enrichment, unfair and deceptive trade practices, and breach of contract case by filing an order on 25 July 2001 dissolving an attachment of property belonging to defendant even though plaintiff claimed it could not find defendant's assistant secretary in North Carolina but information filed with the North Carolina Secretary of State showed a registered agent for defendant with a North Carolina address, because: (1) attachment is proper under N.C.G.S. § 1-440.3(3) when defendant is a domestic corporation whose president, vice-president, secretary or treasurer cannot be found in the State after due diligence; (2) the information available from the North Carolina Secretary of State revealed only a registered agent for defendant in North Carolina which does not fall within the purview of N.C.G.S. § 1-440.3(3); and (3) while plaintiff could have easily obtained the information regarding defendant's registered agent for North Carolina, it could not have deduced from

this information that the registered agent also served as defendant's assistant secretary.

Appeal by plaintiff from order filed 25 July 2001 by Judge Beverly T. Beal in Cleveland County Superior Court. Heard in the Court of Appeals 13 August 2002.

*Parker, Poe, Adams and Bernstein, L.L.P., by Gaston H. Gage for plaintiff appellant.*

*Forman, Rossabi, Black, Marth, Iddings and Slaughter, P.A., by Amiel J. Rossabi, for defendant appellee.*

GREENE, Judge.

Challenger Industries, Inc. d/b/a Dyemasters, Inc. (Plaintiff) appeals an order filed 25 July 2001 dissolving an attachment of property belonging to 3-I, Inc. (Defendant).

On 7 March 2001, Plaintiff filed a complaint alleging Defendant had engaged in fraud, unjust enrichment, unfair and deceptive practices, and breach of contract in refusing to return a good faith deposit of $37,500.00 made by Plaintiff in accordance with a purchase agreement between the parties. Plaintiff applied for an order of attachment of Defendant's property located in Valdese, North Carolina, by filing an "affidavit in attachment proceeding" on 26 April 2001. The affidavit stated two grounds for attachment: (1) Defendant was "[a] domestic corporation whose president, vice[-]president, secretary or treasurer [could not] be found in the state after due diligence"; and (2) Defendant was "[a] person or a domestic corporation which, with intent to defraud his/her or its creditors, . . . ha[d] removed or [was] about to remove[] property from this state." On 27 April 2001, an order of attachment against the requested property was entered.

Defendant filed a motion to dissolve the attachment on 12 July 2001 stating it had a registered agent, Bruce H. Connors (Connors), in North Carolina who also served as Defendant's assistant secretary and that Plaintiff had failed to show an intent to defraud creditors. Attached to Defendant's motion to dissolve were documents filed with the North Carolina Secretary of State. These documents established that Connors was the registered agent of Defendant in North Carolina and that Defendant's president and treasurer were located in South Carolina. Defendant's "Responses to Plaintiff's First Set of

Interrogatories" (the response), which indicated Connors' further position as Defendant's assistant secretary, was not filed until after Defendant's motion to dissolve and is dated 13 July 2001. The response also listed the addresses of Defendant's president, secretary, and other assistant secretaries, all of which were located in South Carolina.

Defendant filed its answer and counterclaim on 19 July 2001 denying the allegations in Plaintiff's complaint and requesting a jury trial on all the issues. On 25 July 2001, the trial court granted Defendant's request to dissolve the attachment because information filed with the North Carolina Secretary of State showed a registered agent for Defendant with a North Carolina address. Thus, Plaintiff's allegation of due diligence was not accurate. In addition, the trial court found no showing of Defendant's intent to defraud creditors.

---

The dispositive issue is whether Plaintiff could have, in the exercise of due diligence, found Defendant's assistant secretary in North Carolina.

Pursuant to N.C. Gen. Stat. § 1-440.3(3), attachment is proper "when the defendant is . . . [a] domestic corporation, whose president, vice-president, secretary or treasurer cannot be found in the State after due diligence." N.C.G.S. § 1-440.3(3) (2001). In this case, the information available from the North Carolina Secretary of State revealed only a *registered agent* for Defendant in North Carolina. A registered agent, however, does not fall within the purview of section 1-440.3(3). Pursuant to N.C. Gen. Stat. § 55D-30(b), "[t]he sole duty of the registered agent to the entity is to forward to the entity at its last known address any notice, process, or demand that is served on the registered agent." N.C.G.S. § 55D-30(b) (2001). A secretary, on the other hand, is defined as an officer who "shall have the responsibility and authority to maintain and authenticate the records of the corporation." N.C.G.S. § 55-8-40(c) (2001). Thus, while Plaintiff could have easily obtained the information regarding Defendant's registered agent for North Carolina, it could not have deducted from this information that the registered agent also served as Defendant's assistant secretary. As Plaintiff was not able, after due diligence, to discern Connors' title of assistant secretary[1] by a review of the documents

---

1. We need not decide in this case whether Connors' position as an assistant secretary falls within the definition of "secretary" pursuant to section 1-440.3(3). For the purposes of this opinion, we will simply assume that it does.

filed with the Secretary of State[2] and all of the obtainable information regarding Defendant's president, treasurer, and secretary listed their location as South Carolina, the trial court erred in finding Plaintiff did not exercise due diligence under section 1-440.3(3). Accordingly, the trial court's order dissolving the attachment must be reversed.

As we have found sufficient grounds for attachment pursuant to section 1-440.3(3), we need not discuss Plaintiff's argument that the trial court also erred in finding no showing of Defendant's intent to defraud creditors, an alternative ground for attachment under 1-440.3(5). Furthermore, Plaintiff's contention that the trial court erred by entering an order without a jury trial is without merit because Defendant only asserted a request for a jury trial in its answer to Plaintiff's complaint, not in its motion to dissolve the attachment. *See* N.C.G.S. § 1-440.36(c) (2001) (if upon motion for dissolution of an attachment "a jury trial is demanded . . . the issues involved shall be submitted and determined at the same time the principal action is tried, unless the judge . . . orders an earlier trial or a separate trial").

Reversed.

Judges TIMMONS-GOODSON and HUNTER concur.

---

2. The response, which identified Connors as Defendant's assistant secretary, was dated 13 July 2001 and thus not available approximately two and a half months earlier when the attachment order was entered.